# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHRYN HAUGHN,<br><br>    Plaintiff<br><br>V.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY AND AUSTIN PREPARATORY SCHOOL LONG-TERM DISABILITY PLAN<br><br>    Defendants | CIVIL ACTION NO. |

## COMPLAINT

1. Plaintiff, Kathryn Haughn, ("Ms. Haughn"), brings this action against the Defendants, United of Omaha Life Insurance Company ("Omaha") and the Austin Preparatory School Long Term Disability Plan ("Plan"), (collectively referred to as "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq*. ("ERISA"). Ms. Haughn is a participant in an ERISA welfare benefit plan insured and administered by Omaha.

2. Ms. Haughn is filing this action to: 1) recover long-term disability ("LTD") benefits due to her under the Plan; 2) enforce the present rights existing under the Plan; 3) clarify rights under the terms of the Plan; and 4) recover damages, interest, costs and attorney's fees.

3. Ms. Haughn challenges the Defendants: 1) unreasonable and unlawful denial of her LTD benefits despite the substantial medical evidence demonstrating her qualifications for said benefits; 2) unreasonable and unlawful application of the Plan's Pre-Existing Condition

Exclusion provision ("Pre-Ex") to her claim; 3) pattern of rejecting and/or ignoring the evidence supporting the inapplicability of the Pre-Ex to Ms. Haughn's benefit claim in an effort to limit Defendants' financial exposure for her claim; 4) failure to provide Ms. Haughn with a full and fair review of her claim for LTD benefits; and 5) failure to provide a reasonable claims procedure that would yield a reasonable decision on the merits of Ms. Haughn's LTD claim.

## PARTIES

4. Ms. Haughn is a resident of Woburn, Massachusetts. Ms. Haughn was a vested participant in the Austin Preparatory employee benefit plan, within the meaning of 29 U.S.C. § 1002(2) (7). Ms. Haughn has standing to bring this action under 29 U.S.C. § 1132(a).

5. The defendant, United of Omaha Life Insurance Company is a wholly owned subsidiary of Mutual of Omaha Insurance Company and is a for-profit corporation with its principal place of business at 3300 Mutual of Omaha Drive, Omaha Nebraska. Omaha is licensed to do business in Massachusetts and administers and insures the Plan under which Ms. Haughn is suing.

6. At all times relevant to the claims asserted in this complaint, Omaha purported to act as an ERISA claims fiduciary with respect to participants of the Plan generally, and specifically with respect to Ms. Haughn, within the meaning of ERISA.

7. The LTD plan under which Ms. Haughn is suing is an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1).

## STATEMENT OF FACTS

**<u>Relevant Plan Terms.</u>**

8. As an employee of Austin Preparatory School, Ms. Haughn was eligible for LTD coverage under a contract of insurance with Omaha, Policy # GLTD B6G7.

9. The Plan provision defining Disability states:

    *Disability* and *Disabled* mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:
    a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
    b) after the Elimination Period, You are:
    1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
    2. unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.

10. The Plan provision defining a Pre-Existing Condition states:

    A *Pre-existing Condition* means any Injury or Sickness for which You received medical treatment, advice or consultation, care or services, including diagnostic measures, or had drugs or medicines prescribed or taken in the 3 months prior to the day You become insured under the Policy.

11. The Plan provision excluding coverage for Pre-existing Conditions states:

    We will not provide benefits for any Disability caused by, attributable to, or resulting from a Pre-existing Condition which begins in the first 12 months after You are continuously insured under the Policy.

12. Ms. Haughn's coverage under the Plan became effective on July 1, 2019.

13. The three (3) month look-back period under the Plan's Pre-Ex was April 1, 2019 through June 30, 2019.

14. Neither the Plan nor Omaha has any administrative processes and safeguards (as those terms are used in 29 C.F.R. §2560.503-1) in place to ensure and to verify appropriately consistent decision making.

3

**Ms. Haughn's Claim for LTD Benefits.**

15. Commencing in September 2012, Ms. Haughn worked as a science teacher at Austin Preparatory School.

16. Ms. Haughn was first diagnosed with Multiple Sclerosis ("MS") in December 2015.

17. Commencing on October 11, 2019, Ms. Haughn began suffering from significant cognitive and linguistic difficulties, such as difficulty understanding spoken and written language, along with severe impairment in complex auditory and visual attention.

18. October 10, 2019 was Ms. Haughn's last day at work.

19. Ms. Haughn underwent an MRI on October 14, 2019. The MRI showed that the cause of Ms. Haughn's symptoms was a 2.4 cm tumefactive lesion on her brain.

20. Ms. Haughn's neurologists determined that the Tumefactive Demyelinating Lesion ("TDL") resulted in the onset of Ms. Haughn's cognitive and linguistic symptoms.

21. Ms. Haughn was not treated for a TDL from April 1, 2019 through June 30, 2019.

22. By correspondence dated February 5, 2020, Omaha informed Ms. Haughn that it was denying her claim for LTD benefits.

23. In its February 5, 2020 correspondence, Omaha informed Ms. Haughn that it had determined that her disability was excluded from coverage due to the Pre-Ex clause.

24. Omaha's assertion that Ms. Haughn's disability was caused by, attributable to, or resulted from her MS was based on a medical review conducted by an Omaha employee and nurse, Maureen Miller.

25. On or about February 2, 2020 Ms. Miller was asked whether Ms. Haughn had a "demyelinating nervous system disease or syndrome" from April 1, 2019 to June 30, 2019.

26. Ms. Miller was not asked if Ms. Haughn's TDL was caused by, attributable to, or resulted from her MS.

**Ms. Haughn's Appeal.**

27. By correspondence dated April 28, 2020, Ms. Haughn appealed Omaha's denial of benefits.

28. With her April 28, 2020 appeal, Ms. Haughn submitted medical documentation from her treating neurologist, Dr. McAdams.

29. Dr. McAdams opined in his April 20, 2020 narrative that Ms. Haughn's TDL was not caused by, attributable to, or resulted from her MS.

30. Dr. McAdams, in addressing what caused Ms. Haughn's TDL, stated in part:

    > Ultimately the patient has two conditions, MS and a TDL and the connection between them is assumption at best which the MS specialists are not assuming as to the etiology. In other words, due to the medical uncertainty of the cause of her TDL, it is not medically accurate to state that Ms. Haughn's TDL was caused by, attributed to, or resulted from her MS. It is medically unknown if there is a connection, as stated above the differential remains broad.

31. In correspondence dated May 12, 2020, Omaha sent to Ms. Haughn a copy of its medical peer review conducted by Dr. Thomas Reeder.

32. Dr. Reeder is Board Certified in Internal Medicine and is Senior Vice President and Medical Director for Omaha.

33. Dr. Reeder's report dated May 11, 2020 concluded in part that, "In this instance, TDL is a variant of multiple sclerosis as no other etiology has been identified".

34. On May 26, 2020, Ms. Haughn submitted a response to Omaha regarding Dr. Reeder's medical review.

35. Along with her May 26, 2020 response, Ms. Haughn submitted the statement from Dr. McAdams, explaining that:

In regard to the "Tumefactive MS" cited by the MOO reviewer, this definition was published in a chiropractic journal and then cited by an MS journal which certainly does not mean TDL and MS are synonymous. It was also a term used by the radiologist, not the MS trained neurologist in the chart. Balo concentric sclerosis and Marburg acute multiple sclerosis are examples of "Tumefactive MS" variants and **neither are represented by the patient's clinical or radiographic findings**. **(emphasis added)**

36. After May 25, 2020, Omaha decided to send Ms. Haughn's file for review by Board Certified Neurologist, David Hoenig, MD.

37. Dr. Hoenig opined that Ms. Haughn's MS was pre-existing.

38. Dr. Hoenig offered no opinion as to whether Ms. Haughn's TDL was caused by, attributable to, or resulted from her MS.

39. On June 24, 2020, Ms. Haughn submitted a response to Omaha regarding Dr. Hoenig's review.

40. In her June 24, 2020 correspondence, Ms. Haughn informed Omaha that Dr. Hoenig did not offer Omaha any opinion as to whether Ms. Haughn's disability from TDL was caused by, attributable to, or resulted from her MS.

41. After June 24, 2020, Omaha did not send Ms. Haughn's file for any further review.

42. By correspondence dated July 7, 2020, Omaha denied Ms. Haughn's appeal and reasoned, "Based on the documentation provided Ms. Haughn's current condition of multiple sclerosis was not caused by, was attributed to, or resulted from the prior event in May 2019. Ms. Haughn already had pre-existing multiple sclerosis during that time".

43. Omaha had no medical evidence to substantiate a finding that Ms. Haughn's disability from her TDL was caused by, attributable to, or resulted from her MS.

44. Omaha prevented Ms. Haughn from obtaining a full and fair review of her claim on appeal.

**Summary of Defendants' Review of Ms. Haughn's Claim.**

45. Ms. Haughn has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

46. Ms. Haughn's disability and eligibility for LTD benefits is based on the substantial evidence in Defendants' possession.

47. The Defendants bear the burden of proving that the Pre-Ex provision applies to Ms. Haughn's claim.

48. Defendants did not have medical evidence that Ms. Haughn's disability was caused by, attributable to, or resulted from her MS.

49. Defendants were motivated by their own financial interests in their denial of Ms. Haughn's claim.

50. Defendants failed to provide Ms. Haughn with a full and fair review of her claim for LTD benefits.

51. Defendants failed to respond to Ms. Haughn's attempts to engage in a meaningful dialogue regarding the evaluation of her claim.

52. Defendants failed to disclose any internal guidance available to claims representatives in evaluating Ms. Haughn's claim despite Ms. Haughn's repeated requests for this information, and despite the same being required to be disclosed pursuant to ERISA's implementing regulations.

53. Omaha was influenced by its financial conflict of interest, as both the administrator of the Plan, and the payer of benefits thereunder, when it denied Ms. Haughn's benefits and failed to provide her with the full and fair review of her claim as required by law.

54. Due to the unlawful denial of LTD benefits under ERISA, Ms. Haughn has lost her rightful LTD benefits. She has also suffered emotional distress because of the Defendants' actions.

55. Due to the unlawful denial of benefits under ERISA, Ms. Haughn has also lost the use of her LTD benefits.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

56. Ms. Haughn re-alleges each of the paragraphs above as if fully set forth herein.

57. The Plan is a contract.

58. Ms. Haughn has performed all her obligations under the contract.

59. 29 U.S.C. § 1132(a) states that:

   (a) A civil action may be brought ---

   1. by a participant or beneficiary –

      A. for the relief provided for in subsection (c) of this section, or

      B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

60. The Defendants' actions constitute an unlawful denial of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

61. The Defendants unlawfully denied Ms. Haughn's benefits in part by: (1) dismissing without explanation, the medical evidence supporting the fact that Ms. Haughn's disability was not caused by, attributed to, or resulted from her MS; and (2) denying Ms. Haughn a full and fair review of their decision.

62. In accordance with 29 U.S.C. §1132, Ms. Haughn is entitled to LTD benefits based upon her disability status since October 11, 2019.

63. Defendants have refused to provide Ms. Haughn with her disability benefits and are, therefore, in breach of the terms of the Plan and ERISA, which require that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the participants of the Plan.

64. As a direct and proximate result of this breach, Ms. Haughn has lost the principal and the use of her rightful disability benefits.

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

65. Ms. Haughn re-alleges each of the paragraphs above as if fully set forth herein.

66. Under the standards applicable to ERISA, Ms. Haughn deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

67. Defendants have the ability to satisfy the award.

68. Ms. Haughn's conduct of this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

69. Defendants have acted in bad faith in denying Ms. Haughn's disability benefits under the Plan.

70. The award of attorney's fees against the Defendants will deter others acting under similar circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge, and decree that Ms. Haughn is entitled to disability benefits as calculated under the terms of the Plan;

(2) Award Ms. Haughn disability benefits and interest from the date of the Defendants' breach of contract;

(3) Order that the Defendants make restitution to Ms. Haughn in the amount of all losses sustained by Ms. Haughn as a result of the wrongful conduct alleged herein, together with prejudgment interest;

(4) Award Ms. Haughn the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the court deems just and reasonable.

Date:  October 8, 2020                Respectfully submitted for the Plaintiff,

By:  /s/ *M. Katherine Sullivan*
M. Katherine Sullivan
BBO No. 649239
Law Office of Katherine Sullivan, LLC
945 Concord Street
Framingham, MA 01701
T: 508-620-5387
F: 508-834-1172
E: kate@sullivandisabilitylaw.com